IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY G. INSKEEP, as Trustee for GRIFFIN TRADING COMPANY, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FARREL J. GRIFFIN and ROGER S. GRIFFIN, <br><br> Defendants-Appellees. | Case No. 10-cv-01915 <br><br> Hon. Ruben Castillo <br><br> (On Remand from the United States Court of Appeals for the Seventh Circuit) |

## **PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF JUDGMENT AND COSTS**

Leroy G. Inskeep, not individually but solely as chapter 7 trustee for Griffin Trading Company, Inc. ("Trustee" or "Plaintiff"), respectfully requests that the Court enter the attached judgment order against defendants Farrel J. Griffin and Roger S. Griffin ("Defendants"), or alternatively remand this matter to the United States Bankruptcy Court for entry of a judgment order, and states:

1. On January 26, 2005, the United States Bankruptcy Court for the Northern District of Illinois entered judgment in this case, which is docketed in the Bankruptcy Court as Adversary No. 01 A 00007, in favor of the Trustee and against each of the Defendants in the amount of $4,690,071.99. On February 3, 2005, the Bankruptcy Court awarded the Trustee costs in the amount of $3,465.45. (*See* Adv. Dkt. Nos. 104, 110.)

2. On January 23, 2008, this Court (the Hon. Mark Filip presiding) vacated the judgment and remanded to the Bankruptcy Court for further proceedings. (Dist. Dkt. Case 05-C-1834 at Dkt. No. 37.) On October 30, 2009, the Bankruptcy Court entered judgment for Defendants and on February 11, 2010, denied the Trustee's Rule 59 Motion. (Adv. Dkt. Nos.

246, 273.) On October 19, 2010, this Court affirmed the second bankruptcy judgment. (Dist. Dkt. Case 10-cv-01915 at Dkt. No. 31.)

3. On June 25, 2012, the United States Court of Appeals for the Seventh Circuit entered its Opinion and Order, a copy of which is attached as Exhibit A, reversing this Court's October 19, 2010 Memorandum Opinion and Order and its January 23, 2008 Order and holding that the Bankruptcy Court's original January 26, 2005 judgment should have been affirmed. *See* Exhibit A hereto. On August 15, 2012, the Court of Appeals issued its mandate. On August 16, 2012, this Court docketed the mandate. (Dist. Dkt. Case 10-cv-01915 at Dkt. No. 45.)

4. Accordingly, the Trustee moves for entry of a judgment against each of the Defendants in the amount of $6,850,001.55, calculated as of the presentment date of this Motion. This amount consists of:

(a) the January 26, 2005 judgment amount affirmed by the Seventh Circuit of $4,690,071.99;[1]

(b) costs awarded in the February 3, 2005 Bankruptcy Court Order of $3,465.45;

(c) additional prejudgment interest of $2,146,678.15 calculated from January 27, 2005 through the date of the presentment of this Motion (August 21, 2012). If the judgment date is after August 21, 2012, additional prejudgment interest accrues at the rate of $776.94 per day;[2] and

---

[1] The Bankruptcy Court's judgment provided that the total damage award consisted of $2,985,074.63 plus prejudgment interest of $1,704,997.36 (calculated at the rate of 9.5%) or $776.94 per day. *See* Adv. Dkt. 104 and 1/26/05 Tr. at 10-11 (Group Ex. A hereto).

[2] Under Delaware law, which governed this claim, prejudgment interest is mandatory and not a matter of judicial discretion and runs through the date of the entry of the judgment. *See Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 219 (Del. 1978); *Bomarko, Inc. v. Int'l Telecharge, Inc.*, 794 A.2d 1161, 1190 (Del. Ch. 1999). Thus, the Trustee is entitled to receive additional prejudgment interest through the new actual judgment date at the rate the Bankruptcy Court awarded in the now affirmed January 26, 2005 order. Thus, the total amount

(d) allowable costs related to the second trial in the Bankruptcy Court of $9785.96. *See Perlman v. Zell*, 185 F.3d 850 (7th Cir. 1999) (holding that a defendant who prevails on appeal after losing at trial is entitled to statutory costs related to the underlying trial).

5. The $9,785.96 in additional costs that the Trustee requests be included in the judgment order fall within Rule 54(d)(1) and Fed. R. Bankr. P. 7054. These rules provide that costs "shall be allowed as of course to the prevailing party . . . ." Fed. R. Civ. Pro. 54(d)(1); Fed. R. Bankr. Pro. 7054. Section 1920 of the Judicial Code lists the specific costs of litigation which may be taxed pursuant to Rule 54. These costs include: 1) the costs of the Clerk of the Court and the U.S. Marshall; 2) fees of the court reporter for all transcripts necessarily obtained for use in the case; 3) fees and disbursements for witnesses; 4) fees for certification of and copying papers necessarily obtained for use in the case; 5) docket fees; and 6) fees of court appointed experts. 28 U.S.C. § 1920.

6. The Trustee has incurred the following additional costs which are recoverable under Section 1920 and Rule 54:

A. **Clerk of the Court Fees:** The Trustee paid $710.00 to the Clerk of this Court for the two appeals (to this Court and to the Seventh Circuit). Copies of these receipts are attached hereto as Group Exhibit B.

B. **Trial Transcript:** The Trustee incurred $550.00 in costs obtaining copies of the trial transcript for the second trial. A copy of the court reporter's invoice is attached hereto as Exhibit C and incorporated herein by reference. The trial

---

of prejudgment interest is $3,851,675.51, consisting of the $1,704,997.36 earned between December 23, 1997 and January 26, 2005 and the $2,146,678.15 earned from January 27, 2005 through August 21, 2012 on the judgment amount of $2,985,074.63.

transcripts were reasonably necessary to this litigation because they were needed to prepare the post-trial briefs submitted to the Bankruptcy Court.

C. **Copying and Exhibit Charges:** The Trustee incurred $1,386.53 in costs in connection with copying trial exhibits for the Court and the defendants and for use at trial. The receipts show the number of pages copied and the rate charged. *See, e.g., Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Copies of the invoices/internal duplicating records in support of these expenses are attached hereto as Group Exhibit D.

D. **Translation Costs:** The Trustee incurred $321.60 translating trial exhibits from German to English. A copy of the invoice for this charge is attached as Exhibit E.

E. **Witness Fees**: The Trustee incurred $6,817.83 in travel costs and expenses to bring Michael Hoffman, who works for the successor to MeesPierson and resides in Europe to come to testify at trial. Copies of the invoices for his travel and related expenses are attached hereto as Group Exhibit F and incorporated herein by reference. Normal travel expenses of witnesses are taxable as costs under 28 U.S.C. § 1920; *see State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 865 (7th Cir. 1981).

7. The total costs the Trustee requests are:

| | |
|---|---|
| Clerk Fees | $710.00 |
| Hearing Transcript | $550.00 |
| Duplicating Costs | $1,386.53 |
| Translation Costs | $321.60 |
| Witness Travel Fees | <u>$6,817.83</u> |
| **TOTAL** | $9,785.96 |

8.      As set forth in the Trustee's Verification, which is attached hereto as Exhibit E, each of these charges was reasonably necessary to the conduct of the litigation in this case and were actually incurred

9.      Because the Court of Appeals remanded this matter to this Court, it would be appropriate for this Court to enter judgment. Alternatively, the Trustee requests that the Court remand this matter to the Bankruptcy Court for entry of a final judgment order. Defendants admitted this was a "core" proceeding in their Answer (*see* Adv. Dkt. 18 at ¶ 5) and acknowledged that the Bankruptcy Court entered a final judgment order with the consent of the parties in their Seventh Circuit jurisdictional statement. (*See* 7th Circuit Case No. 10-3607 Dkt. No. 26 at 1.)[3]

---

[3] Specifically, Defendants stated: "Since no party objected to the bankruptcy court entering a final judgment, it had jurisdiction to do so under 28 U.S.C. § 157(c)(2). *See Stern v. Marshall*, __ U.S. __, 2011 WL 2472792, *12 (June 23, 2011) (under § 157(c)(2), parties may consent to entry of final judgment in non-core case)." (*See* 7th Circuit Case No. 10-3607 Dkt. No. 26 at 1.)

WHEREFORE, the Trustee respectfully requests that the Court:

A. Enter the attached Judgment Order (Exhibit G); or

B. Alternatively refer this matter to the Bankruptcy Court for entry of a judgment (Exhibit H) ; and

C. Grant such other relief as may be just.

Dated: August 16, 2012

LEROY G. INSKEEP, as Trustee for GRIFFIN TRADING COMPANY, INC.

By: *s/ Catherine Steege*
One of his Attorneys

Catherine Steege (ARDC No. 6183529)
Melissa Hinds (ARDC No. 6288246)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY G. INSKEEP, as Trustee for GRIFFIN TRADING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARREL J. GRIFFIN and ROGER S. GRIFFIN, <br><br> Defendants. | Case No. 10-cv-01915 <br><br> Hon. Ruben Castillo |

## TRUSTEE'S VERIFICATION

I, Leroy G. Inskeep, hereby declare under penalty of perjury, that I have read the foregoing Trustee's Verified Motion For Entry of Judgment and Costs and that the foregoing is true and correct.

/s/ Leroy G. Inskeep
Leroy G. Inskeep